# Exhibit I

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

155 NORTH WACKER DRIVE

CHICAGO, ILLINOIS 60606-1720

—

TEL: (312) 407-0700
FAX: (312) 407-0411
www.skadden.com

FIRM/AFFILIATE OFFICES
—
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

DIRECT DIAL
312-407-0785
DIRECT FAX
312-407 8572
EMAIL ADDRESS
AL.HOGAN@SKADDEN.COM

November 11, 2014

**VIA E-MAIL**
Kenneth M. Kliebard
Morgan, Lewis, & Bockius LLP
77 West Wacker Drive
Chicago, Illinois 60601

RE: *US. Futures Exchange, LLC et al. v. Board of Trade of the City of Chicago et al.*, No. 1:04-CV-6756

Dear Mr. Kliebard:

I write on behalf of CME in response to the 30(b)(6) deposition notice Plaintiffs served on CME on October 17, 2014 concerning the paper documents CME produced to the Department of Justice ("DOJ") in 2007. CME objects to the entirety of the deposition notice pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, including each of the 14 sub-topics set forth therein, and therefore will not produce a corporate witness to be deposed on these topics on November 13, 2014, or at any time thereafter.

CME disclosed to the Court almost two years ago that the 149 boxes of paper documents CME produced to the DOJ in 2007 do not exist. As we have explained to Plaintiffs on multiple occasions since, the DOJ confirmed in July of 2007 at the close of its investigation that it was destroying the boxes of documents that CME had produced. CME's only copy set of those boxes was discarded some time in 2008. Based on the nature of the DOJ production, we believe the paper documents were largely duplicative of electronic documents CME produced to the DOJ, which Plaintiffs already have. More importantly, CME already collected, reviewed, and produced responsive paper documents from the custodians whose files Plaintiffs agreed CME should search in this case.

In 2006, before the Court's subsequent rulings that significantly narrowed the issues in this case, the parties agreed on a list of over 80 CME custodians (the "Eurex Litigation Custodians"), a date range, and the general categories of documents to be produced relevant to the issues in this case from those custodians. CME collected

Kenneth M. Kliebard
November 11, 2014
Page 2

approximately 65,000 pages of paper documents from the Eurex Litigation Custodians. CME reviewed those documents for responsiveness and produced approximately 20,152 pages to Plaintiffs. CBOT performed a similar exercise, producing approximately 25,000 pages to Plaintiffs in this case. Plaintiffs have never suggested that there was anything incomplete about the collection, review, and production of relevant paper documents in this case. Those are the facts. There is no need for a deposition on these topics.

Any further inquiry into this topic would not only be unreasonably duplicative and cumulative, but it is also entirely beyond the scope of relevant discovery permitted by Rule 26. Plaintiffs have conceded on numerous occasions that the only documents they are entitled to from the DOJ productions are the documents relevant to the issues in this case from the custodians in this case as agreed upon by the parties in 2006. (*See, e.g.*, June 12, 2013 Hrg. Tr. at 8:25-9:2 ("we've said repeatedly . . . we would accept less than all provided we get the documents, at a minimum, that they've agreed are relevant").) Plaintiffs already have those documents, and, therefore, any discovery into what happened to paper documents from the files of other CME custodians or third parties, or paper documents concerning the multitude of unrelated topics, products, and time periods investigated by the DOJ, is off limits by the terms of the parties' prior agreement and by the clear limitations imposed by the Federal Rules.

In fact, recognizing the undisputedly large volume of irrelevant information included in Defendants' productions to the DOJ, Plaintiffs have repeatedly urged the Court to hold Defendants to the parties' 2006 agreement and require Defendants to produce only those documents Defendants agreed to produce at that time from the files of custodians the parties' identified at that time. (*See id.*) With respect to paper documents, CME and CBOT had already fulfilled their obligations under that agreement in 2006. Plaintiffs cannot have it both ways, arguing on the one hand that Defendants are bound by the parties' agreement in 2006 while simultaneously suggesting that Plaintiffs are somehow entitled to something greater than the universe of paper documents the parties agreed upon.

As we explained to you five months ago, in my email dated June 20, 2014, "at the time plaintiffs moved to compel production of the HSR productions, there was nothing left to be done on the paper discovery front in this case. Rather, the parties were at impasse over how to conduct electronic discovery. The HSR productions provided a potential solution to that impasse." Plaintiffs admitted as much when renewing their motion to compel production of the DOJ Materials, arguing that "just having those documents could get us substantially through what would otherwise be an expensive discovery process." (Dec. 7, 2012 Hrg. Tr. at 16:14-16.) The only "expensive discovery process" remaining was the electronic

Kenneth M. Kliebard
November 11, 2014
Page 3

discovery process, which the parties had discussed at length with the Court in January of 2007. With respect to electronic documents, Plaintiffs now have all the electronic source documents Defendants produced to the DOJ for the court-ordered date range.

Thus, the fact that CME does not have a copy set of the paper documents it produced to the DOJ in 2007 is of no import to the proceedings in this case. CME continues to preserve the 65,000 pages of paper documents it collected for the Eurex Litigation Custodians. That is the only CME paper that matters in this case. It is a violation of Plaintiffs' own agreement for them to suggest otherwise. Contrary to Plaintiffs' unsupported suggestions, there is no spoliation concern here.

At its core, the 30(b)(6) notice is a transparent attempt by Plaintiffs to sidestep the substantive flaws in their case in an attempt to make something out of nothing. Together with the paper productions from the Eurex Litigation Custodians, Defendants have produced over 4.295 million pages of documents to Plaintiffs. Plaintiffs have had the paper documents relevant to this case for eight years and the electronic documents from the DOJ productions for almost seven months. Consistent with this Court's prior order, the time has come for Plaintiffs to inform Defendants and the Court of the results of their review of these materials so that the parties can move forward on the merits of the parties' claims and defenses.

Finally, even if the requested deposition topics were a permissible source of discovery, which they are not, the proposed date for the deposition is unreasonable in light of the nature and age of information covered by the notice. Eighteen business days is not nearly sufficient time for CME to investigate events, and prepare a corporate representative to testify about those events, that largely took place seven to eight years ago by different teams of outside lawyers in a proceeding before the Department of Justice unrelated to the instant litigation.

If you do not intend to promptly withdraw the deposition notice, please provide dates you are available for a meet and confer pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and Local Rule 37.2. If we are unable to reach an agreement on these issues, CME will move the Court for a protective order.

Very truly yours,

Albert L. Hogan III